UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EASTERN SAVINGS BANK, FSB,

                            Plaintiffs,          **MEMORANDUM AND ORDER**
                                                                                      11 CV 2571 (DRH) (ARL)

        - against -

KHAIMWATTI SANDRA LUTCHMIDAT,
NORTH SHORE UNIVERSITY HOSPITAL
AT MANHASSET, WINTHROP UNIVERSITY
HOSPITAL, SLOMIN's INC., CAPITAL ONE
BANK USA NA, and JOHN DOE #1 through
JOHN DOE #12 the last twelve names being
fictitious and unknown to plaintiff, the persons
or parties intended being the tenants, occupants,
persons or corporations, if any, having or claiming
interest upon the premises described in the Complaint,

                            Defendants.
-------------------------------------------------------------------X
**APPEARANCES:**

**KRISS & FEUERSTEIN LLP**
Attorneys for Plaintiff
360 Lexington Avenue
Suite 1200
New York, New York 10017
By:     Jerold C. Feuerstein, Esq.
          Jennifer Alec Telston, Esq.

**BACHU AND ASSOCIATES**
Attorneys for Defendant Khaimwatti Sandra Lutchmidat
87-46 Van Wyck Expressway
Kew Gardens, New York 11418
By:     Darmin T. Bachu, Esq.

**North Shore University Hospital – No Appearance**
**Winthrop University Hospital – No Appearance**
**Slomin's Inc. – No Appearance**
**Capital One Bank USA NA – No Appearance**

**HURLEY, Senior District Judge:**

Plaintiff Eastern Savings Bank, FSB ("plaintiff") commenced this diversity action against defendants Khaimwatti Sandra Lutchmidat ("Lutchmidat"), North Shore University Hospital ("North Shore"), Winthrop University Hospital ("Winthrop"), Slomin's Inc. ("Slomin's"), Capital One Bank USA NA ("Capital One"), and John Does #1 through #12 pursuant to New York Real Property Actions and Proceedings Law ("RPAPL"), Section 1301 *et seq.*, seeking to foreclose on a mortgage encumbering certain real property. Presently before the Court is plaintiff's motion, made pursuant to Federal Rule of Civil Procedure ("Rule") 56 seeking summary judgment as against Lutchmidat. For the reasons set forth below, plaintiff's motion is granted.

## BACKGROUND

The following facts are undisputed unless otherwise noted.[1]

Plaintiff is a federally chartered savings bank with its usual place of business in Hunt Valley, Maryland. Lutchmidat is a New York State resident. (Compl. ¶¶ 2, 3.) In 2005, plaintiff purchased real property located at 84 Payne Whitney Lane, Manhasset, New York 11030 (the "Property"). To fund the purchase of the Property, on August 19, 2005 Lutchmidat executed a

---

[1] Local Rule of Civil Procedure 56.1 of the U.S. District Court for the Eastern District of New York ("Rule 56.1") requires parties moving for summary judgment to submit a statement of the allegedly undisputed facts on which the moving party relies, together with citation to admissible evidence in the record supporting each such fact. *See* Local Rule 56.1(a), (d). Where, as here, the opponent then fails to controvert the facts set forth in the movant's Rule 56.1 statement or fails to cite evidence to support the controverting statement of material fact, those facts will be deemed admitted so long as supported by the admissible evidence — although they will not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001).

promissory note in favor of plaintiff in the principal amount of $1,668,750 (the "Note"). On the same date, Lutchmidat delivered a mortgage (the "Mortgage") to plaintiff to secure payment of the Note. The Mortgage was recorded in the Office of the Nassau County Clerk on August 25, 2005. Plaintiff has, at all relevant times, been the owner of the Note and Mortgage. (Aff. of Terry Brown, dated Jan. 17, 2012 ("Brown Aff.") ¶ 6.)

Pursuant to the Note, Lutchmidat was required to make monthly payments of principal and interest to plaintiff on the first of each month. (Pl.'s Ex. B-2 ¶ 3.) The Note required Lutchmidat to continue making these monthly payments until all outstanding principal and interest was paid off. (*Id.*) The Mortgage contained a corresponding "Borrower's Promise to Pay," which provided that Lutchmidat would pay plaintiff "on time principal and interest due under the Note." (Pl.'s Ex. B-3 at ¶ 1.) The Mortgage provided further that, in the event of Lutchmidat's default on the Note and upon specified written notice, plaintiff could require immediate payment of the outstanding balance in full. (Pl.'s Ex. B-3 ¶ 22(b).)

Lutchmidat breached her obligations under the Note and Mortgage by failing to make the required monthly payment due May 1, 2010 as well as all subsequent payments. (Brown Aff. ¶ 8.) By letter dated August 24, 2010, plaintiff informed Lutchmidat that her loan was "177 days in default," and that such default could be cured "by making the payment of $134,056.36 by November 23, 2010." (Pl.'s Ex. B-4 at 1.)[2]

Thereafter, on March 30, 2011, plaintiff sent Lutchmidat a second letter, also by certified

---

[2] Plaintiff contends that by sending this letter to Lutchmidat, via certified and regular mail, it complied with its obligations under RPAPL § 1304, which requires a lender to provide certain notices to a home loan borrower at least ninety days before the lender commences any legal action, including mortgage foreclosure proceedings, against the borrower.

and regular mail, which informed her that due to her failure to deliver scheduled monthly payments between May 2010 and March 2011, she owed plaintiff an outstanding balance of $234,296.87.  (Pl.'s Ex. B-4 at unnumbered pg. 8.)  The letter stated that if she did not pay this outstanding balance within thirty days, by May 4, 2011, "the entire unpaid balance under this Security Instrument and Note may be accelerated and become due and owing in full to Eastern." (*Id.*)

Lutchmidat failed to cure her default and, accordingly, plaintiff "accelerated the Mortgage's indebtedness" and commenced this foreclosure action on May 27, 2011.  (Brown Aff. ¶ 11.)  Lutchmidat was served with the Summons and Complaint on July 7, 2011 (Pl.'s Ex. D), and after she failed to respond, plaintiff obtained a Clerk's Entry of Default against her on August 12, 2011.  Thereafter, on August 17, 2011, Lutchmidat interposed an Answer to the Complaint.  On October 19, 2011, plaintiff and Lutchmidat entered into a stipulation pursuant to which plaintiff agreed to accept Lutchmidat's untimely Answer and consented to vacating the Clerk's Entry of Default as against her.  (Pl.'s Ex. J.)

In addition to Lutchmidat, plaintiff has brought this action against North Shore, Winthrop, Slomin's, and Capital One and contends that they are necessary parties because each has an outstanding monetary judgment against Lutchmidat and may have "some interest in or lien upon [the] mortgaged premises."  (Compl. ¶¶ 4-7, 9.)  Plaintiff asserts that any interest or lien held by these defendants "accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage."  (*Id.* ¶ 9.)[3]  Despite being served with copies of the Summons and Complaint,

---

[3] As noted above, the Mortgage was recorded in August 2005.  The monetary judgments held by North Shore, Winthrop, Slomin's, and Capital One against Lutchmidat were allegedly entered on April 29, 2009, October 27, 2009, December 8, 2009, and April 4, 2011,

none of these defendants have appeared or responded to the Complaint. On August 12, 2011, a Clerk's Entry of Default was entered as to each of these defendants, but plaintiff has not moved for default judgment as against them.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates both the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *See Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

When determining whether a genuinely disputed factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability," or "the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 254-55. The court must resolve all factual ambiguities and draw all reasonable inferences in favor of the

---

respectively. (Compl. ¶¶ 4-7.)

non-moving party. *See Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987). A district court considering a summary judgment motion must also be "mindful [ ] of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the evidentiary burdens that the respective parties will bear at trial guide the district court in its determination of a summary judgment motion. *See Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Where the non-moving party will bear the ultimate burden of proof on an issue at trial, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim. *See id.* at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that [her] claim is not 'implausible.'" *Id.* at 211 (citing *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## II.     Applicable Legal Standard

Paragraph 16 of the Mortgage provides that it "is governed by federal law and the law of New York State." (Pl.'s Ex. B-3 ¶ 16.) "Under New York law, summary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." *Builders Bank v. Charm Devs. II, LLC*, 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010) (internal quotation marks omitted); *see also Vill. Bank v. Wild Oaks Holding*, 196 A.D.2d 812, 812 (2d Dep't 1993). Once a "mortgage holder establishes the basic elements of a cause of action for foreclosure, the mortgage holder is entitled to a presumptive right to collect, which can

only be overcome by an affirmative showing from the defendant." *United States v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991). The defendant's showing must include "evidentiary proof in admissible form sufficient to require a trial of [any asserted] defenses." *Republic Nat'l Bank of N.Y. v. O'Kane*, 308 A.D.2d 482, 482 (2d Dep't 2003) (citing *State Bank of Albany v. Fioravanti*, 51 N.Y.2d 638, 647 (1980)).

### III. *Plaintiff's Motion for Summary Judgment is Granted*

Here, plaintiff has established each element of its prima facie case. It has produced the Note and Mortgage, both of which were admittedly executed by Lutchmidat. (Pl.'s Ex. B-2 & B-3; *see also* Ans. ¶¶ 3, 13, 14.) Additionally, plaintiff has submitted the affidavit of Terry Brown, a Senior Asset Manager employed by plaintiff with "personal knowledge of the facts of this case," which states that Lutchmidat failed to make the monthly payment due on May 1, 2010 as well as all subsequent payments, and that Lutchmidat failed to cure her default even after receiving notice of that default from plaintiff. (Brown Aff. ¶¶ 8, 11.)

In opposition, Lutchmidat notes that the Note itself – as opposed to the Mortgage – is "governed by federal law[, except to] the extent that reference to state law is necessary," in which case the Note is "governed by the provisions of Subtitle 10 of Article 12 of the Commercial Law Article of the annotated Code of Maryland." (Pl.'s Ex. B-2 ¶ 11.) According to Lutchmidat, "[t]he Note is the gateway to the foreclosure: a flawed Note, or a failure to make performance under the Note, is the critical first fact in an action to foreclose." (Def.'s Opp'n at ¶ 6 (emphasis omitted).) Lutchmidat continues: "In this case, <u>if</u> there was a defense to the Note available to Lutchmidat <u>under the law of Maryland</u>, the foreclosure action itself would be foreclosed; and, in that sense, the law of Maryland governs the action." (*Id.* ¶ 7 (emphases in the original).)

7

The crux of Lutchmidat's defense seems to be that if she could point to admissible record evidence demonstrating that, under Maryland law, the Note was invalid or that Lutchmidat was entitled to invoke some equitable defense, she could defeat plaintiff's summary judgment motion. Here, however, Lutchmidat has not made any such showing. In her opposition papers, Lutchmidat asserts: "<u>If</u>, for example, the terms of the Note were not in compliance with the provisions of the Maryland Commercial Law Article – <u>if</u> its 9.99% original interest rate payable by the individual borrower were improper, or <u>if</u> its outrageous pre-payment penalty were unacceptable, the foreclosure action could be forestalled." (*Id.* (emphases in the original).) Aside from these hypothetical statements, Lutchmidat does not proffer any arguments that the Note violates Maryland law.[4] Further, even if her opposition papers could be construed as making such an argument, she has not pointed to specific statutory provisions that were allegedly violated, nor has she articulated the manner in which the Note was defective or cited any supporting case law or other legal authority. A defendant must rely on "something more than [ ] conclusory allegation[s]" to defeat a motion for summary judgment in a mortgage foreclosure action. *State Bank of Albany*, 51 N.Y.2d at 648.

Lutchmidat contends that she does not bear the "burden to show in what regard the Commercial Law of Maryland has not been complied with." (Def.'s Opp'n ¶ 10.) Rather, she asserts that plaintiff "must allege how, or in what respect the Commercial Law of Maryland has been complied with." (*Id.*) Lutchmidat does not provide any legal support for this assertion, which squarely conflicts with the allocation of the parties' respective burdens of proof in

---

[4] Similarly, Lutchmidat's opposition papers ask: "Are there equitable defenses [to the foreclosure action that are available to her under Maryland law] – as there would be in New York?" (Def.'s Opp'n ¶ 8.) Lutchmidat does not pose any answer to this question.

mortgage foreclosure actions. As described above, plaintiff has satisfied its prima facie burden by proffering uncontroverted evidence as to the existence of the Note and Mortgage as well as Lutchmidat's default of her payment obligations thereunder. Under New York law (the parties' chosen law applicable to mortgage foreclosure actions), defendant now bears the burden to both assert a defense and demonstrate the existence of a genuine question of fact as to that defense. Lutchmidat has not met her burden by merely offering two hypothetical examples of how the Note *might* violate Maryland law and then making the unsupported assertion that plaintiff must demonstrate the validity of each provision of the Note under Maryland law as part of its prima facie case.

Accordingly, plaintiff's motion for summary judgment is granted. Plaintiff is directed to submit a proposed Judgment of Foreclosure and Sale for the Court's endorsement within thirty days of the date of this Order.

## IV. Remaining Defendants

In its moving papers, plaintiff asserts that defendants John Doe #1 through #12 were not served with the Summons and Complaint and that they "are not necessary defendants." (Pl.'s 56.1 ¶ 16.) Accordingly, plaintiff's request that these defendants be dismissed from the action is granted.

As noted above, a Clerk's Entry of Default has been entered as to North Shore, Winthrop, Slomin's, and Capital One Bank. Within thirty days of the date of this Order, plaintiff is directed to inform the Court regarding how it intends to proceed with respect to these remaining defendants.

**SO ORDERED.**

Dated: Central Islip, New York
      January 9, 2013                    /s/
                                           Denis R. Hurley
                                           Unites States District Judge